# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 5, 2016

## STATE OF TENNESSEE v. BRUCE LEE ROBINSON

### Appeal from the Circuit Court for Lauderdale County
### No. 6484      Joseph H. Walker, III, Judge

---

### No. W2015-01183-CCA-R3-CD  -  Filed March 4, 2016

---

The defendant, Bruce Lee Robinson, pled guilty in 1999 to first degree felony murder and was sentenced to life imprisonment. In 2015, he filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1, claiming that his sentence was illegal. The trial court disagreed, dismissing the motion after concluding that it did not present a colorable claim. We agree and affirm the dismissal of the motion, pursuant to Rule 20, Rules of the Court of Criminal Appeals.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Bruce Lee Robinson, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Clarence E. Lutz, Senior Counsel, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

As we understand this action, the defendant's Rule 36.1 motion claims that his sentence of life imprisonment for his plea of guilty in 1999 to first degree felony murder is illegal because, in sentencing, the court did not specify him to a specific term of years. Further, he complains that his trial counsel failed to advise him that he could receive a sentence of twenty-five years for committing first degree murder. Additionally, he argues that his attorney, the State, and the trial court "were at all times aware that it was <u>error</u> to try [him] in absence of sufficient prior felonies in which to serve as an enhanced factor." (emphasis in original). The trial court dismissed the motion because the life

sentence, which was imposed on the defendant, "means life," and not a specific term. As we will explain, we agree that the defendant failed to present a colorable claim.

The various pleadings filed by the defendant during the pendency of this matter reveal that he believes first degree murder, the offense to which he pled guilty, is a Class A felony and, thus, requires a sentence of a specific term of years. He is mistaken. Tennessee Code Annotated section 39-11-117(a)(1) provides that "[f]or the purposes of classification of other offenses, first degree murder is one (1) class above Class A." Tennessee Code Annotated section 39-13-202(c) sets out the only three possible penalties for first degree murder as death, life imprisonment without the possibility of parole, or life imprisonment with the possibility of parole. According to the judgment form, the defendant was sentenced to life with parole. Thus, we conclude, as did the trial court, that the defendant failed to present a colorable claim and, therefore, we affirm the dismissal of his motion. See State v. James D. Wooden, --- S.W.3d ---, No. E2014-01069-SC-R11-CD, 2015 WL 7748034, at *6-7 (Tenn. Dec. 2, 2015).

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE

2